McBRIDE, Judge.
Bruce Dodson and Company, as the as-signee of Richard P. Hartnett, filed this suit for damages in the sum of $305.81 against Allen Champagne and his liability insurer, in solido. The Mercury station wagon of Richard P. Hartnett was run into and damaged to the above extent by the Plymouth sedan of defendant Champagne, on August 19, 1956, at the hour of 2:30 p. m., at the intersection formed by North White and Ponce de Leon Streets in New Orleans, and this accident gave rise to the suit. Hartnett’s station wagon was hauling a trailer, on which was located a boat, on North White Street in the- direction of Canal Street; Champagne was driving on Ponce de Leon Street in the direction of the Mississippi River. Hartnett’s vehicle had almost completed its crossing of Ponce de Leon Street when struck on the right-hand side by Champagne’s car.
Champagne is charged with several acts of negligence, which he denies, and the answer sets up in the alternative that Hart-nett was guilty of contributory negligence.
After a trial of the case on the merits, plaintiff recovered a judgment against defendants as prayed for, and they have perfected this appeal.
The intersection above-mentioned is not controlled by any traffic signs or signals of any kind, and the two streets are of equal dignity with reference to width and surface.
Hartnett testified he had been driving at a speed of only 10 miles per hour because he was towing the trailer and boat; that when he reached the Ponce de Leon intersection, he reduced his speed to about 2 or 3 miles per hour and looked for approaching traffic on Ponce de Leon Street. He saw Champagne’s automobile approaching from the right, but says it was at least 50 feet away, and believing that he had sufficient time to safely negotiate the crossing, he proceeded forward; that realizing when he reached about the middle of the intersection his car would be struck, he came to a complete stop and then the crash occurred.
Usner, a disinterested witness appearing on behalf of plaintiff, corroborates Hartnett to a great extent. Usner was seated on his porch about one-half block from the scene of the accident when the collision occurred. Pie stated Hartnett entered the intersection “and the Plymouth was still coming,” which clearly indicates Hartnett did make entry into the intersection before the other car. Usner’s testimony also brings out the fact that Champagne’s car was some distance away from the intersection; however, we doubt it was as far as 116 feet away as Usner estimated. Usner also mentioned that Champagne’s car skidded for some distance before striking the station wagon. He fixed Champagne’s speed as “at least” 25 miles per hour.
Champagne, 19 years old, disputes the statements of Hartnett and Usner. His claim is he was going from 12 to 15 miles per hour and first noticed the Hartnett vehicle when his own car was from 15 to 20 feet away from the intersection, and although he says he immediately made application of the brakes, his car skidded into the side of Hartnett’s station wagon. Champagne thought Hartnett would stop before making any attempt to cross the intersection in front of him.
*387 The testimony of Mrs. Champagne, her husband’s passenger, reflects statements that do not coincide with those of her husband. For instance, she fixes his speed at 5 miles per hour and asserted that Champagne was already in the intersection when Hartnett’s vehicle made entry therein. These statements simply are not in keeping with the facts.
There is only a question of veracity involved in the case. If what Hartnett and Usner said is true, then Champagne was a considerable distance down Ponce de Leon Street when Hartnett reached the intersection and started across, and he could hardly be blamed for entertaining the belief he could negotiate a safe crossing before Champagne’s car reached the corner. The trial judge who saw and heard the four witnesses testify evidently believed the testimony of Hartnett and Usner, and we see no reason for disputing the findings of fact. What defendants would have us to do is to accept the version of Mr. and Mrs. Champagne, whose testimony conflicts, rather than that of plaintiff’s witnesses, but in view of the findings of fact in the court below, we are unwilling to do this, perceiving no manifest error. Our conclusion is that if Champagne had been paying attention, he could have seen the slow-moving station wagon sooner, allowing sufficient time and distance within which to stop his car and avert the collision. He was guilty of the negligence charged against him.
We find no contributory negligence on the part of Hartnett.
It was argued by counsel for defendants that Hartnett made a written statement to an insurance adjustor which conflicts with his sworn testimony from the witness stand. We have carefully read the statement which, incidentally, was drafted by the adjustor, and a correct analysis thereof does not bring to light any material conflict as between the contents of the statement and Hartnett’s testimony.
There is no dispute as to the quantum of damages.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.